**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0151-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ANTHONY EUGENE
STEVENSON, a/k/a ANTHONY
E. DIXON, RALPH BEATTY,
MICHAEL BOLTON, DARRELL
PITTARD, TONY STEVENSON,
and NYGEE,

     Defendant-Appellant.

_____

Submitted January 30, 2024 – Decided February 8, 2024

Before Judges Rose and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 12-05-0895.

Joseph E. Krakora, Public Defender, attorney for appellant (Christopher W. Hsieh, Designated Counsel, on the brief).

Raymond S. Santiago, Monmouth County Prosecutor, attorney for respondent (Alecia Nathanne Woodard, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Anthony Eugene Stevenson appeals from a July 26, 2022 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant claimed his trial and appellate counsel rendered ineffective assistance. In a cogent written decision accompanying the order, Judge Michael A. Guadagno, who had not tried the case, thoroughly analyzed the issues raised in view of the governing law.

On appeal, defendant abandons all but one claim he had raised against appellate counsel and otherwise reprises the same arguments raised before the PCR court. In a single point, defendant asserts:

> THE [PCR] COURT ERRED IN DENYING DEFENDANT'S PETITION FOR [PCR] WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
>
> A. Trial counsel was ineffective for misadvising defendant regarding the plea offer and the exposure he faced if convicted at trial.

2

B. Trial counsel was ineffective in failing to prepare defendant to testify and to advise him that the decision to testify was his alone to make.

C. Trial counsel was ineffective for failing to properly investigate and argue the entrapment defense.

D. Appellate counsel was ineffective for failing to argue on direct appeal that the court erred in denying defendant's motion for change of venue.

We have considered defendant's arguments in light of the applicable law, and conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons set forth by Judge Guadagno in his well-reasoned written decision, adding the following brief remarks.

A defendant is entitled to an evidentiary hearing only when he "has presented a prima facie [case] in support of [PCR]," State v. Marshall, 148 N.J. 89, 158 (1997) (first alteration in original) (quoting State v. Preciose, 129 N.J. 451, 462 (1992)), meaning that a "defendant must demonstrate a reasonable likelihood that his . . . claim will ultimately succeed on the merits." Ibid. For a defendant to obtain relief based on ineffective assistance grounds, he is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42,

3

58 (1987) (adopting the <u>Strickland</u> two-part test in New Jersey) (<u>Strickland/Fritz</u> test).

In the present matter, defendant failed to demonstrate a reasonable likelihood that his PCR claim will ultimately succeed on the merits and failed to satisfy either prong of the <u>Strickland/Fritz</u> test. Because there was no prima facie showing of ineffective assistance of counsel, an evidentiary hearing was not necessary to resolve defendant's PCR claims. <u>Preciose</u>, 129 N.J. at 462.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4